FILED

2015 NOV 20 PM 12: 21

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ np _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LUIS RODRIGUEZ 14745493,<br><br>Plaintiff,<br><br>v.<br><br>MATT GRECO; CITY OF SAN DIEGO; COUNTY OF SAN DIEGO,<br><br>Defendants. | Case No.: 3:15-cv-02153-BEN-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 8)**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A** |

Plaintiff Pedro Luis Rodriguez, currently incarcerated at San Diego Central Jail located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. §

1915(a). (ECF No. 8.)

## II. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

the Court until the entire filing fee is paid. § 1915(b)(2).

In support of his IFP Motion, Plaintiff submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and CivLR 3.2. The Court has reviewed Plaintiff's trust account statement, but it shows that he has a current available balance of zero. *See* § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee per section 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the San Diego County Sheriff's Office and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**III.   Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing §

1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**Relief Requested**

In his Complaint, Plaintiff alleges that he is facing criminal charges in San Diego Superior Court in which he is alleged to have committed unemployment insurance fraud. (*See* Compl. at 5.) Plaintiff is seeking a change of venue for his criminal proceedings

from San Diego Superior Court to the County of San Mateo. (*Id.*) This appears to be his only requested relief in this action. Plaintiff also attaches to his Complaint a copy of the transcript of proceedings that have occurred in his criminal matter.

To the extent that Plaintiff requests that this Court intervene in the state court's decisions regarding which venue is appropriate for his state court criminal proceedings, the Court declines to do so. A federal court cannot interfere with ongoing state proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971).

*Younger* abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, based on Plaintiff's allegations, abstention pursuant to the *Younger* doctrine is warranted.

Accordingly, the Court finds that Plaintiff's Complaint is subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Rhodes*, 621 F.3d at 1004; *Lopez*, 203 F.3d at 1126-27. Because Plaintiff is proceeding without counsel, however, and the Court has now provided him "notice of the deficiencies in his complaint," it will also grant Plaintiff an opportunity to amend it. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

///
///

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP is **GRANTED**.

2. The Watch Commander, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, the Court GRANTS Plaintiff 45 days leave in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted.

5. The Clerk of Court is directed to mail Plaintiff a copy of a court approved

1 | civil rights complaint form.

3 | DATED: November 19, 2015

HON. ROGER T. BENITEZ
United States District Court Judge