TA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LUIS RODRIGUEZ<br>14745493,<br><br>Plaintiff,<br><br>v.<br><br>MATT GRECO; CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; ANNIE M. PERRIGO; DEPUTY GREGORY WARD; VANESSA MAGANA; LETICIA LOPEZ-HIDALGO,<br><br>Defendants. | Case No.: 3:15-cv-02153-BEN-BGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A** |

**I.  Procedural History**

Plaintiff Pedro Luis Rodriguez, currently incarcerated at San Diego Central Jail located in San Diego, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California. (ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On September 24, 2015, United States District Judge Jon S. Tigar determined that a

1  substantial part of the events giving rise to the claims occurred in San Diego County.
2  (ECF No. 4.) Therefore, the matter was transferred to the Southern District of California.
3      On November 20, 2015, this Court granted Plaintiff's Motion to Proceed IFP and
4  *sua sponte* dismissed his Complaint for failing to state a claim upon which relief could be
5  granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. (ECF No. 9.) Plaintiff was
6  granted leave to file an amended pleading in order to correct the deficiencies of pleading
7  identified in the Court's Order. (*Id.*)
8      On December 10, 2015, Plaintiff filed his First Amended Complaint ("FAC").
9  (ECF No. 10.) In the FAC, Plaintiff names new defendants and raises new claims that
10 are unrelated to the claims found in his original pleading.

11 **II.   Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

12      As the Court stated in the previous Order, notwithstanding Plaintiff's IFP status or
13 the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA")
14 obligates the Court to review complaints filed by all persons proceeding IFP and by
15 those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,
16 sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
17 conditions of parole, probation, pretrial release, or diversionary program," "as soon as
18 practicable after docketing." 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes,
19 the Court must *sua sponte* dismiss complaints, or any portions thereof, which are
20 frivolous, malicious, fail to state a claim, or which seek damages from defendants who
21 are immune. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); *Lopez v. Smith*, 203 F.3d 1122,
22 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621
23 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).
24      All complaints must contain "a short and plain statement of the claim showing that
25 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are
26 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
27 mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In his original Complaint, Plaintiff alleged that he was facing criminal charges in San Diego Superior Court and he sought an order from this Court requiring a change of venue from San Diego County to the County of San Mateo. (*See* Compl. at 5.) The Court dismissed those claims. (Nov. 20, 2015 Order at 5 (citing *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971))). Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (Nov. 20, 2015 Order at 6.)

Instead of following the Court's direction, Plaintiff brings an amended pleading in which he adds new defendants and adds new claims not previously raised in his original

pleading. Most of the claims in Plaintiff's FAC are subject to *sua sponte* dismissal because they are duplicative of other civil actions he is already litigating. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In Plaintiff's FAC, he alleges that Defendant Anne Perrigo "conspired with state actors to violate Plaintiff's right to due process through extrinsic fraud by giving false statements to the Court to conceal and suppress exculpatory evidence" during his preliminary hearing. (FAC at 2.) In a similar case, Plaintiff also accused Defendant Perrigo of "assisting Detective Stracke in furthering his bad acts, suppressing evidence violating 5th, 6th and 14th amendments and extrinsic fraud" during his preliminary hearing. *See Rodriguez v. Greco*, No. 3:15-cv-02040-DMS-JLB (S.D. Cal. filed Sept. 11, 2015) (Pl.'s Second Am. Compl. [ECF No. 12] at 2). These claims are duplicative as they both raise claims against Defendant Perrigo arising from events that occurred during Plaintiff's preliminary hearing.

Plaintiff also alleges that Defendant Ward, a deputy with the San Diego Sheriff's Department, violated his constitutional rights by lying at Plaintiff's preliminary hearing regarding the "policy and procedure of the Sheriff's Department" to record phone calls by inmates. (FAC at 4.) Plaintiff challenged this policy, referred to the testimony of Defendant Ward and sought an order from the district court to suppress the evidence of his phone calls in a separate action. *See Rodriguez v. Greco*, No. 3:15-cv-2041-AJB-JMA (S.D. Cal. filed Sept. 11, 2015) (Pl.'s Compl. [ECF No. 1] at 3).

In addition, Plaintiff seeks to add Defendants Vanessa Magana and Leticia Lopez-Hildago to this matter. (FAC at 2.) Plaintiff alleges that Defendant Magana, an "Employment Development Investigator," altered "government documents" so as to "transfer jurisdiction from Employment Development to the City of San Diego." (*Id.*)

4

As to Defendant Lopez-Hildago, an "Employment Development Supervisor," Plaintiff alleges that she assisted Defendant Magana "in preparing and presenting false documents." (*Id.*) Like the other claims raised in Plaintiff's FAC, he has already brought these claims against Defendant Magana and Defendant Lopez-Hildago in a prior action. *See Rodriguez v. Stall*, No. 3:14-cv-02646-LAB-DHB (S.D. Cal. Apr. 23, 2015) (Pl.'s FAC [ECF No. 10] at 3).

Finally, Plaintiff has filed a number of lawsuits regarding claims of constitutional violations during his ongoing state criminal proceedings and naming the deputy district attorney who is prosecuting Plaintiff. *See Rodriguez v. Greco, et al.*, No. 3:15-cv-02040-DMS-JLB; *Rodriguez v. Greco, et al*, No. 3:15-cv-02041-AJB-JMA; *Rodriguez v. Greco, et al.*, No. 3:15-cv-02051-JAH-BGS (S.D. Cal. Nov. 23, 2015). Each one of these matters raises the same constitutional claims based on the same set of facts against Defendant Greco.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). The Court finds that the allegations contained in Plaintiff's FAC are duplicative of claims that he has already filed in a number of other actions. Accordingly, the Court finds that Plaintiff's entire action is frivolous and must be dismissed.

### III. Conclusion and Order

For the reasons set forth above, the Court:

(1) **DISMISSES** this civil action without prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); and

(2) **DENIES** Plaintiff leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison*

1 | *Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot,
2 | state a claim containing an arguable basis in law, this action should be dismissed without
3 | leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d
4 | 904, 907 (9th Cir. 1996)).

5 | The Clerk of Court shall close the file.

7 | DATED: ~~January~~ Dec 30, 201~~6~~5

HON. ROGER T. BENITEZ
United States District Court Judge